## HATFIELD v STATE OF FLORIDA
### Case No. 85-12618
Thirteenth Judicial Circuit, Hillsborough County
May 9, 1986

### APPEARANCES OF COUNSEL
**James D. Whittemore** for appellant.
**Dov Sussman,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT
RALPH STEINBERG, Circuit Judge.

This is an appeal from a conviction for violation of Sec. 316.081(1), Fla. Stat., Driving on Right Side of Roadway, which reads:

Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway, except as follows:

(a) When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

(b) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard;

(c) Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or

(d) Upon a roadway designated and sign-posted for one-way traffic.

Appellant raises one issue on appeal, whether the evidence presented at trial was sufficient to prove beyond a reasonable doubt that he violated this statute, a noncriminal traffic infraction pursuant to Section 318.14(1), Fla. Stat.

The evidence adduced at the hearing in the trial court indicates that a collision occurred on December 7, 1984 at approximately 9:40 P.M. involving a 1984 Volkswagen automobile owned by Timothy C. Hatfield, Appellant's father, and a 1969 Chevrolet, owned by Anthony Clyde Warren, on County Road 584, Hillsborough County, Florida, a Highway running East and West. Two investigating officers determined from the physical evidence at the scene that the Volkswagen was traveling West and the Chevrolet was traveling East prior to the collision and that the impact occurred with the right front of each vehicle coming into contact on the South edge of the highway, indicating that the Volkswagen was on the wrong side of the highway at the time of the collision. The left front tire of the Volkswagen was found deflated after the collision. Due to the extent of the damage, it could not be determined whether the Volkswagen had any mechanical malfunction.

When the investigating officers arrived at the scene of the collision the occupants had already been removed from the vehicles. The Appellant could not be interviewed as he was unconscious. Upon questioning by the trial judge as to who was driving the Volkswagen, Appellant testified that he had no recollection of anything from November to late February, apparently due to injuries he sustained. Upon additional questioning by the trial judge, Appellant's father testified that on December 7, 1984, to the best of his knowledge, his son left the house with the car but he did not know when. A passenger in the Chevrolet testified that he had his head below the dash prior to the accident placing a cover over his feet because it was cold and that when the driver of the Chevrolet applied the brakes he looked up, saw two headlights and in a split second the collision occurred. He could

132

not identify the driver of the Volkswagen or provide any information as to its operation and travel prior to the collision.

There was no direct or positive evidence in support of the charge but the trial judge found that he had sufficient circumstantial evidence which proved, beyond a reasonable doubt, that Appellant was driving the Volkswagen and therefore found him guilty of failing to drive on the right side of the roadway.

The standard jury instruction on circumstantial evidence provides: circumstantial evidence is legal evidence and a violation of law or any fact to be proved in support of such violation may be proved by such evidence. A well-connected chain of circumstances is as conclusive, in proving a violation of law, as is direct or positive evidence. Its value is dependent upon its conclusive nature and tendency. However, circumstantial evidence is governed by the following rules: First, the circumstances themselves must be proved beyond a reasonable doubt. Second, the circumstances must be consistent with guilt and inconsistent with innocence. Third, the circumstances must be of such a conclusive nature and tendency so as to convince the trier of the facts beyond a reasonable doubt of the defendant's guilt. If the circumstances are susceptible of two equally reasonable constructions, one indicating guilt and the other innocence, the trier of the facts must accept the construction indicating innocence.

Where the evidence against an accused is entirely circumstantial, a conviction cannot be sustained where the proof does not go beyond mere suspicion, probability, or suppositions. *Raybon v. State*, 75 So.2d 7 (Fla. 1954).

The circumstantial evidence in the case at bar does not rise to the standard of proof level required to sustain a conviction. Too much is left to conjecture and speculation as to whether the Appellant was driving and what caused the Volkswagen to be on the wrong side of the road at the time of the collision. There is a lack of evidence from which the trial court could find Appellant violated Sec. 316.081(1), Fla. Stat. beyond a reasonable doubt.

Accordingly, Appellant's conviction must be, and is hereby, reversed.